IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68107-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY WEAVER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 19, 2013 |
| | ) | |

PER CURIAM — Gary Weaver appeals his conviction for felony telephone harassment. He contends that the trial court erred in imposing a term of community custody. We accept the State's concession that Weaver's conviction was not subject to a term of community custody. See RCW 9.94A.701(3)(a), (c).

In his statement of additional grounds for review, Weaver asserts that he was unable to properly defend himself because of a CrR 3.3 speedy trial violation and the State's failure to disclose his statements under CrR 4.7. But Weaver's claims are insufficient to "inform the court of the nature and occurrence of the alleged errors." RAP 10.10(c). Moreover, his supporting arguments rest primarily on matters outside of the record and therefore cannot be addressed on direct appeal. See State v. McFarland, 127 Wn.2d 322, 337-38, 899 P.2d 1251 (1995).

No. 68107-9-I/2

Accordingly, we affirm Weaver's conviction. We remand the matter to the trial court solely for the purpose of striking the term of community custody.

For the court:

_____

_____

_____